# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WALTER M. POZNANSKI, JR.**

        Plaintiff,

  -vs-                                              **Case No. 11-C-260**

**PENNSYLVANIA LIFE INSURANCE CO.,**

        Defendant.

## DECISION AND ORDER

        The Plaintiff, Walter M. Poznanski, Jr. ("Poznanski"), filed this action alleging state law claims for breach of contract (first cause of action) and bad faith denial of benefits after his claim for disability insurance benefits was declined by the Defendant, Pennsylvania Life Insurance Company ("Penn Life"). He commenced the action in the Circuit Court for Milwaukee County, Wisconsin.

        Thereafter, Penn Life removed the action to this district court, pursuant to 28 U.S.C. § 1441(a), invoking diversity jurisdiction based on 28 U.S.C. § 1332, because the action is between citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the alleged events underlying the Complaint occurred within this District. The lawsuit was randomly assigned to this Court.

Penn Life's motion, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, to bifurcate and stay discovery on the bad faith claim is fully briefed. The motion is addressed herein.

### *Motion for Bifurcation*

In seeking bifurcation of the breach of contract and bad faith claims and a stay of discovery on the bad faith claim, Penn Life relies on *Dahmen v. American Family Mutual Insurance Co.*, 635 N.W.2d 1 (Wis. Ct. App. 2001). While Poznanski agrees that bifurcation of the claims is correct pursuant to *Dahmen*, he opposes the request to stay discovery on the bad faith claim, contending that "virtually every fact that elicited in discovery will overlap" the breach of contract and the bad faith causes of action because they flow from the same nexus of facts. (Pl.'s Br. Opp'n, 2 [unnumbered].)

### *Complaint*

Poznanski alleges that he is entitled to disability benefits from his truck driving occupation as of June 8, 2009, onward, as a result of a motor vehicle accident that occurred on October 23, 2000. He quotes the following portion of the policy that he asserts affords coverage:

> We will pay the Total Disability Benefits shown in the Application if: (1) a Motor Vehicle Injury causes Total Disability within 30 days of the accident; and (2) you or your Covered Spouse are under the Regular and Personal Care of a Physician. (If the benefits are payable for less than one month, the amount payable for each day will be 1/30th of the monthly benefit.) Payment will be made as long as such Total Disability and Regular and Personal Care of a Physician continue.

-2-

(Compl. ¶ 5). Poznanski alleges that, following the October 30, 2000, accident, the status of his disability improved for a period of time; however, as of June 8, 2009, the injury from the October 23, 2000, accident progressed so that he became disabled again prompting him to submit the disability claim to Penn Life. Penn Life denied the claim in December 3, 2009, and July 19, 2010, letters. Thereafter, counsel for Poznanski submitted an October 8, 2010, letter to Penn Life asserting that Poznanski was entitled to benefits. On October 25, 2010, Penn Life continued to deny the claim – it disagreed that the disability was the result of Poznanski's injuries in the October 23, 2000, accident, noting he had returned to work and worked more than six years after the accident. (Compl. ¶ 8).

*Analysis*

Under Federal Rule of Civil Procedure 42(b), a district judge may separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). Wisconsin substantive law[1] provides that disputes regarding coverage typically can be determined by comparing the policy's provisions to the Complaint, *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 751 N.W.2d 845, 851 (Wis. 2008), and may often may be resolved through summary judgment motions. *See Ehlers v. Johnson*, 476 N.W.2d 291, 292-93 (Wis. Ct. App.1991). Poznanski's breach of contract claim is likely to be resolved prior to trial. Moreover, Poznanski concurs with bifurcation of claims. Therefore, Penn Life's request for bifurcation is granted.

---

[1] The parties are in apparent agreement that the substantive law of Wisconsin is controlling in this diversity action.

With respect to a stay of discovery, the Court considers the reasoning in *Dahmen*, reversing the denial of an insurer's motion to bifurcate the trial of the insureds' breach of contract claim for uninsured motorist benefits and the insureds' bad faith claim, emphasizing that "a claim for benefits is separate and distinct from a claim of bad faith." 635 N.W.2d at 5 (citing *Anderson v. Cont'l Ins. Co.*, 271 N.W.2d 368 (Wis. 1978) (bad faith conduct by an insurer towards its insured is a tort separate and apart from any breach of contract)). The court explained that "the evidence necessary to support a claim of bad faith is very different from that necessary to support a claim for benefits," indicating that while the insureds' claim for coverage would depend on the amount of their damages, a claim of bad faith would examine insurer's handling of the insured's claim. *Id*.

Even more to germane to the requested stay of discovery on the bad faith claim, the appellate court observed that "in litigating a claim of bad faith, the [insureds] will be entitled to discovery of [the insurer's] work product and attorney/client material containing information relevant as to how the insureds' claim was handled," including the insurer's internal determination to deny benefits, its evaluation as to how a jury might value the insureds' claim, and its approach to settlement." *Id*. at 5. Such information would not be available to the insureds if they were proceeding solely on a claim for benefits. *Id*. The court observed that there is the risk of prejudice to the insurance carrier when discovery proceeds on a bad faith claim while an underlying claim against the same defendant remains unresolved. *Id*.

-4-

In *Brethorst v. Allstate Property and Casualty Insurance Co.*, 798 N.W. 2d 467, 483 (Wis. 2011), decided after the briefing of Penn Life's motion, the Wisconsin Supreme Court held that "the insured may not proceed with discovery on a first party bad faith claim until it has pleaded a breach of contract claim by the insurer as a part of a separate bad faith claim and satisfied the court that the insured has established such a breach or will able to prove such a breach in the future . . . [t]o go forward with discovery, these allegations must stand rebuttal by the insurer." *Brethorst*, involving an action with a sole claim for the bad faith denial of uninsured motorist benefits, emphasized that the insured must establish that the claimed breach of contract is "well founded and can be proved in the future" before the insured may proceed with discovery on the bad faith claim. *Id*.

While Wisconsin law is not controlling on whether discovery should be stayed, it provides insight regarding why the Wisconsin state courts delay discovery on the issues pertinent to a bad faith claim. Although Poznanski argues that virtually all the discovery on the two claims will overlap, his argument is conclusory. Moreover, based on the policy language, the breach of contract claim may be amenable to resolution on summary judgment. Therefore, Penn Life's motion for bifurcation of the claims and a stay on discovery on the bad faith cause of action is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Penn Life's motion to bifurcate and stay discovery on the bad faith claim (Docket No. 6) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this **5th** day of July, 2011.

                                              **BY THE COURT**

                                            *s/ Rudolph T. Randa*
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**